The order below is hereby signed.

Signed: January 12, 2006.



_S. Martin Teel_
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| RUFUS STANCIL, JR., ) | Case No. 01-02220 |
| ) | (Chapter 7) |
| Debtor. ) | |

OPINION AND ORDER RE
BILL OF COSTS OF VARIOUS TENANTS OF 2922 SHERMAN AVENUE

The tenants whose claims were the subject of the court's earlier opinion have filed a Bill of Costs. Preliminarily, the court notes that a court may only tax costs as authorized by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987) (rejecting claim that "a federal court is empowered to exceed the limitations explicitly set out in [28 U.S.C.] §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections"); see also W. Va. Univ. Hospitals v. Casey, 499 U.S. 83, 86 (1991). In keeping with the American rule such, costs are awarded "sparingly" and should be "given careful scrutiny." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). However, "it is clear in this Circuit that, as long as the costs of items for which a party seeks reimbursement are statutorily authorized, there is a strong presumption in favor of an assessment against the losing party." Zdunek v.

Washington Metro. Area Transit Auth., 100 F.R.D. 689, 692 (D.D.C. 1983) (citing Sun Ship, Inc. v. Lehman, 655 F.2d 1311 (D.C. Cir. 1981)).

The tenants' reliance on Cooper Liquor, Inc. v. Adolph Coors Co., 684 F.2d 1087 (5th Cir. 1982), which permitted other expenditures beyond those specified by statute to be taxed as costs "in exceptional cases presenting unusual equitable considerations in order to achieve justice," id. at 1099, is woefully misplaced.  Cooper Liquor was expressly overruled on this point by the Fifth Circuit in Int'l Woodworkers of Am. v. Champion Int'l Corp., 790 F.2d 1174 (5th Cir. 1986) (en banc), and J.T. Gibbons, Inc. v. Crawford Fitting Co., 790 F.2d 1193 (5th Cir. 1986) (en banc).  See Int'l Woodworkers, 790 F.2d at 1175-76; J.T. Gibbons, Inc., 790 F.2d at 1194.  Upon review of those decisions, the Supreme Court affirmed as to this precise issue in Crawford Fitting.  482 U.S. at 445.  With these principles in mind, the court turns to the four types of costs raised by the tenants in their Bill of Costs.

First, the Memorandum accompanying the Bill of Costs erroneously states:

> [T]he attached affidavit delineates **copying costs** incurred by the Legal Aid Society of the District of Columbia in preparation of the case, and **deposition transcript costs** incurred by Steptoe & Johnson for the deposition of Rufus Stancil that was utilized in the court proceedings.  The costs represent sparing requests for costs, as the tenants incurred unforeseen costs of litigation that are **not requested** in the Bill of Cost[s] **like travel expenses,** loss of

2

>       wages, and lunch expenses while awaiting
>       testimony.

(Memo. at 11) (emphasis added).  Contrary to this statement in the Memorandum, included in the Bill of Costs are "travel costs associated with litigation" of $99.40.  As the Memorandum recognized, such costs are not taxable and will be disallowed.

   Second, the Bill of Costs includes another item not mentioned in the Memorandum; namely, $60.50 in postage costs, which are not taxable and thus will not be allowed.

   Third, the costs include copies of papers that were not "necessarily obtained for use in the case."  "Necessarily obtained" does not mean that the materials and services obtained "added to the convenience of counsel ... and perhaps ... have made the task of the trial judges easier."  Farmer, 379 U.S. at 235.  Merely making copies incident to the case is not enough.  See Sun Ship, Inc., 655 F.2d at 1318 nn. 48-49; Fressell v. AT&T Technologies, Inc., 103 F.R.D. 111, 116 (N.D. Ga. 1984) ("[t]his court will only allow photocopying charges that were necessary for discovery and for trial presentation and will not allow photocopying charges for the convenience, preparation, research, or records of counsel"); SCA Services, Inc. v. Lucky Stores, 599 F.2d 178, 181 (7th Cir. 1979) ("[T]he practicalities of preparing a case for trial often require that the attorneys have frequent and ready access to the depositions, and that they be able to mark annotations and cross-references on the pages.").  The Bill of Costs here shows no necessity for "use in the case" for some of the photocopies, both in the litigation here and in the

litigation in the Superior Court, the most obvious example being the copies of the court's opinion that were sent to the tenants. Without more justification, the court is unable to determine in many instances that the copying costs were necessary for use in the case or reasonable, and the court is thus unable to approve the copying fees in those instances at this time.  See Robertson v. McCloskey, 121 F.R.D. 131, 134 (D.D.C. 1988); Ortega v. City of Kansas City, 659 F. Supp. 1201, 1218-19 (D. Kan. 1987); Fressell, 103 F.R.D. at 115.  Counsel should file an amended bill of costs for photocopying that is limited to those photocopies that were necessarily obtained for use in the case, and as to those for which the necessity is not obvious, state why they were necessary.

Fourth, the costs include costs incurred in the Superior Court of the District of Columbia in prepetition litigation of the claims.  These are allowable as part of the tenants' claims (because they were entitled to recover costs in the Superior Court and such costs make up part of their claim for damages incurred prepetition).  However, such costs are to be paid as part of the allowed claim in the case, not as a separate postpetition claim that is to be collected from the debtor as opposed to the bankruptcy estate.  The debtor has not objected to the pursuit via a bill of costs of such additional damages as part of the tenants' prepetition claims.  The order allowing the tenants' claims was a non-final claim, and it can be amended to allow as additional damages the costs incurred prepetition.

4

Although it may not matter (because prepetition claims will be paid in full from the estate), the prepetition costs allowed ought to be treated as part of the allowed prepetition claims, not as postpetition costs.  It is thus

ORDERED that within 28 days after entry of this order, counsel for the tenants shall submit an amended Bill of Costs addressing the issue of photocopies together with:

- a proposed supplemental order regarding the additional amounts owed each tenant as an allowed prepetition claim for costs incurred prepetition in the Superior Court; and
- a separate proposed order regarding postpetition costs owed each tenant

in conformity with this Opinion and Order.  It is further

ORDERED that the debtor may object to the amended Bill of Costs and to the proposed orders submitted within 14 days of their filing.

[Signed and dated above.]

Copies to:

Edward M. Kimmel
[Counsel for Debtor]

Joshua R. Taylor
[Co-Counsel for the Tenants]

Charles A. Malloy
[Co-Counsel for the Association]

Daniel A. Katz
[Co-Counsel for the Association]

Adrienne DerVartanian
Julie L. Becker
Jennifer L. Berger
[Co-Counsel for the Tenants]

Wendell W. Webster
[Chapter 7 Trustee]

Office of the United States Trustee