The opinion below is hereby signed. Dated: June 3, 2006.

_S. Martin Teel_
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
RUFUS STANCIL, JR.,                  )   Case No. 01-02220
                                     )   (Chapter 7)
            Debtor.                  )

OPINION RE DEBTOR'S MOTION
TO AMEND ORDER OR, IN THE ALTERNATIVE,
MOTION TO COMPEL FURTHER ABANDONMENT OF FUNDS TO THE DEBTOR

The debtor has filed a motion which essentially asks the court to enter a single order addressing the rulings entered in the litigation of objections to the proofs of claim of the Sherman Avenue tenants and their Tenants Association, and to direct payment of those awards from the estate. No one has objected, and the court does not disagree with the general goals of the motion (to make clear that it is the estate that is to pay the claims, including costs of the litigation, to consolidate the allowances in a single order, to make the order a final order concluding the litigation, and to direct the trustee to make payment since the trustee has sufficient funds to do so).

However, the court will enter an order with changes to Stancil's proposed orders for the reasons discussed below.

1.  Confusingly, Stancil has presented two proposed orders saying essentially the same thing but in different formats.  A single order ought to suffice.  And there is no reason to vacate the order (Docket Entry No. 679) which merely directed that more detail be supplied regarding costs claimed by the tenants.

2.  Further, the proposed orders recite wrong amounts (albeit in what are tiny errors) for what were allowed amounts for some of the claims under prior orders, and classifies the cost award to the Tenants Association as an award of prepetition costs when it was an award of postpetition costs.

3.  The allowed claims of the tenants fix the amounts of the tenants' claims as of the petition date, but the tenants are additionally entitled to a distribution of interest accrued on their claims since the petition date.  11 U.S.C. § 726(a)(5).  As in the case of the Tenants Association's recovery of prepetition attorney's fees, the rate should be 2.31% per annum from the date of the petition, and the federal judgment interest statute from which that rate is derived directs that interest be compounded annually.[1]  The date of

---

[1] Ordinarily, a ruling on an objection to claim would include only a ruling on the amount owed at the petition date, and the calculation of postpetition interest under § 726(a)(5) and payment would await the completion and approval of a final report, but the trustee has not opposed payment of claims now, and all have recognized that this is a case in which there will be a surplus to deliver to the debtor.  If the claims are to be paid now, it makes sense to pay them with postpetition

the petition was October 30, 2001, and interest is compounded annually.  To June 20, 2006 (the court's estimate of the date on which the trustee will make payment), each tenant's claim will have grown by 11.18075%.  This is shown by the following multiples by which interest increased each claim:

| | |
|---|---|
| 10/30/2001 to 10/30/2002: | 1.0231 |
| 10/30/2001 to 10/30/2003: | 1.0467336 = 1.0231 x 1.0231 |
| 10/30/2001 to 10/30/2004: | 1.0709131 = 1.0231 x 1.0467336 |
| 10/30/2001 to 10/30/2005: | 1.0956511 = 1.0231 x 1.0709131 |
| 10/30/2001 to 06/20/2006: | 1.1118075 = 1.0956511 x [1 + (.0231 x 233 days/365 days per year)] |

Interest after June 20, 2006, will accrue on the amount owed (exclusive of postpetition costs) on June 20, 2006, at .00623679% per day, a factor of .0000623679 per day = [1/365 x {(1.0956511/1.1118075 = .9854683) x .0231 = .0227643}]. Because the Tenants Association's interest computation in the order fixing the amount of its claim was to a much earlier date, the court's order will additionally use 11.18075% as the interest to be awarded from the petition date to June 20, 2006, in the case of the Tenants Association's award as well. However, the Tenants Association limited its request for postpetition interest to the $24,066.00 of attorney's fees

---

interest now.  Moreover, the proposed orders Stancil submitted could be read as barring later assertion by the tenants of postpetition interest if the proposed orders were signed.  The court will thus award postpetition interest.

3

incurred prepetition, and the 11.18075% figure (and any per diem award) will be computed with $24,066.00 as the amount upon which interest is to be accrued.

    4. With respect to the postpetition bills of costs awarded against Stancil (and that he wants the trustee to use estate funds to pay), no interest would ordinarily be awarded. Although the costs are being paid from the estate, the payment from the estate is being done on the basis that Stancil benefitted the estate by contesting the objections to claims and so the expense is an administrative expense that the estate ought to shoulder, or, alternatively, on the basis that there will be a surplus and Stancil prefers for the trustee to make the payment of the costs directly.  Under either of those two bases for ordering the trustee to make payment, interest ought not be paid to the recipients of the payments of costs.

    An order follows consistent with the foregoing.

                              [Signed and dated above.]

Copies to:

Edward M. Kimmel
[Counsel for Debtor]

Joshua R. Taylor
[Co-Counsel for the Tenants]

Charles A. Malloy
[Co-Counsel for the Association]

Daniel A. Katz
[Co-Counsel for the Association]

Adrienne DerVartanian
Julie L. Becker
Jennifer L. Berger
[Co-Counsel for the Tenants]

Wendell W. Webster
[Chapter 7 Trustee]

Office of the United States Trustee